IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SALVADOR JIMENEZ, III | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-120 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

    Petitioner, Salvador Jimenez, III, an inmate confined at the Clements Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

## Background

    This habeas petition was filed March 29, 2023, originally in the Northern District of Texas (doc. # 1).  On June 2, 2023, the Northern District of Texas temporarily granted Petitioner permission to proceed *in forma pauperis* pending supplementation of a form Application to Proceed *In Forma Pauperis* and a certified *in forma pauperis* data sheet from the penal institution in which Petitioner is incarcerated (doc. # 7).  Petitioner was given 21 days to comply with this order.  On June 29, 2023, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis* (doc. # 8).  This petition was then transferred to the Eastern District of Texas, Beaumont Division, on July 20, 2023.  On July 21, 2023, the undersigned ordered Plaintiff to provide a certified income trust statement for the preceding six month within 30 days, as Petitioner's Motion for Leave to Proceed *In Forma Pauperis* failed to include the statement (doc. # 11).  Petitioner received a copy of this order on August 9, 2023 (doc. #12).  More than ample time has passed, yet Petitioner has failed to comply with this order or otherwise correspond with the court.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). In the present case, Petitioner has failed to provide the court with a certified income trust statement for the preceding six month period and has failed to otherwise communicate with the court.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72.

SIGNED this 25th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge